IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TONY GENE LANG, # 289263,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 20-0375-CG-MU |
| **RICHARD STRINGER,** *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed without prejudice for lack of subject-matter jurisdiction because this action is moot.

**I.  Proceedings.**

Plaintiff Lang filed this § 1983 action while he was an inmate at the Washington County Jail.  (Doc. 1 at 1, PageID.1).  When the Court screened his complaint, it found the complaint contained three distinct claims, namely, confiscation of religious and legal materials and commissary items (*id.* at 4, PageID.4), lack of medical care (*id.* at 5, PageID.5), and lack of access to a law library or law books (*id.* at 6, PageID.6).  For relief, Plaintiff requested medical care, access to religious and legal materials, and reimbursement for his commissary items.  (*Id.* at 10, PageID.10).  Finding the original complaint violated Rule 20(a)(2) of the Federal Rules of Civil Procedure, the Court

ordered Plaintiff to file an amended complaint that contained only one claim, along with any claims closely related to it, and advised him of the pleading requirements for a complaint. (Doc. 6 at 3-6, PageID.33-36). Plaintiff was warned that the failure to file a complying amended complaint or to notify the Court of a change in address would result in the dismissal of his action. (*Id*. at 6, PageID.36).

In response to the Court's order, Plaintiff filed an amended complaint containing one claim against Defendant Sheriff Stringer for sending his deputies to the jail to confiscate Plaintiff's religious materials. (Doc. 7 at 4, PageID.40). When Plaintiff questioned Defendant Stringer, he was told that "religious materials, Bibles and any other books or papers [are] a fire hazard." (*Id.*). Because Plaintiff was denied access to religious literature, he requests injunctive relief that will provide him and other inmates at the Washington County Jail with the ability to practice their religion and access religious literature as required by the First Amendment. (*Id.* at 7, PageID.43).

When Plaintiff filed the amended complaint on October 19, 2020, he was no longer at the Washington County Jail but had been transferred to the Clarke County Jail. (*Id.* at 7-8, PageID.43-44; Doc. 8 at 1, PageID.45 (notice of change of address)). However, when the Court examined the Clarke County Jail's website during screening, https://www.inmateaid.com/inmate-locator/clarke-county-al-jail (last visited Jan. 7, 2021), the inmate roster did not reflect Plaintiff's name. Neither did the Alabama Department of Corrections' website reflect that Plaintiff was in its custody, nor did the Washington County Jail's website, https://www.inmateaid.com/inmate-locator/washington-county-al-jail (last visited Jan. 7, 2021), reflect that he was in its custody. The only reference to a location for Plaintiff discovered by the Court was at the

Alabama Therapeutic Education Facility, https://www.inmateaid.com/inmate-locator/alabama-therapeutic-education-facility-geo (last visited Jan. 7, 2021), which indicated he was released on March 8, 2020, prior to the filing of the present action.

## II. Analysis.

Because Plaintiff is proceeding *in forma pauperis*, the Court is screening his amended complaint (Doc. 7) under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides for the dismissal of an action if it is frivolous or malicious, fails to state a claim a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). In addition, a federal court has the duty to examine its jurisdiction and to dismiss an action where jurisdiction is lacking. *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001); *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992). "Article III of the Constitution limits the jurisdiction of the federal courts to the adjudication of certain 'Cases' and 'Controversies.'" *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Derived from the case-or-controversy requirement is the mootness doctrine "because an action that is moot cannot be characterized as an active case or controversy." *Id.* The controversy or case must be live not only when a plaintiff brings his claim but throughout the litigation as well. *Campbell-Ewald Co. v. Gomez,* 577 U.S.153, 160, 136 S.Ct. 663, 669, 193 L.Ed.2d 571 (2016). If a claim becomes moot during the litigation, dismissal is required, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar*, 273 F.3d at 1336.

Injunctive relief "is a prospective remedy, intended to prevent future injuries." *Adler*, 112 F.3d at 1477.  For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for [injunctive] relief become moot because the plaintiff no longer needs protection from future injury."  *Id.*  "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."  *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

In the context of a § 1983 action filed by a prisoner, the law is settled that a prayer for injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose.  *See, e.g., Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.) (""Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.") (quoting *Wahl*, 773 F.2d at 1173), *cert. denied*, 488 U.S. 1046 (1989).

In *Spears, supra,* an Alabama prison inmate filed a § 1983 complaint for declaratory and injunctive relief alleging that West Jefferson's administrative segregation's conditions of confinement were less desirable than other institutions' segregation units.  After he filed the complaint, he was transferred from West Jefferson to another institution with better facilities.  Due to his transfer, the inmate's claims for injunctive and declaratory relief were found to be moot and subject to dismissal.  *Spears,* 846 F.2d at 1328.

In the present action, Plaintiff's return address on his amended complaint's envelope and his notice of change of address reflect that he was transferred from the

4

Washington County Jail to the Clarke County Jail. (Doc. 7 at 8, PageID.44; Doc. 8, PageID.45). Moreover, in his filings Plaintiff gives no indication that he will return to the Washington County Jail or that he has a continuing injury or real threat of repeated injury. Thus, Plaintiff's claim for allegedly unconstitutional conduct at the Washington County Jail does not reflect a live case or controversy at this time. *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985). Therefore, the undersigned finds that this action is moot.

### III. Conclusion.

Because there is no present case or controversy to support the Court's jurisdiction over this action, it is recommended that Plaintiff's action be dismissed without prejudice for lack of subject-matter jurisdiction.[1]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the

---

[1] The Clerk is **DIRECTED** to send Plaintiff's copy of Report and Recommendation to him at the last address that he gave the Court, the Clarke County Jail.

5

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 8th day of January, 2021.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**